

# GOLDENBERG HELLER & ANTOGNOLI, P.C.
ATTORNEYS AT LAW

**THOMAS J. LECH**
Licensed in Illinois & Missouri

2227 South State Route 157, Edwardsville, Illinois 62025 | 618.656.5150 | FAX: 618.656.6230 | WEBSITE: www.goldenbergheller.com

February 5, 2018

**CERTIFIED MAIL**
**7016 2070 0000 6136 6988**

Mr. Troy Bozarth
HeplerBroom LLC
130 North Main Street
Edwardsville, IL 62025

      Re:    Andrew D'Angelo v. Carlos E. Martinez and IRC L.P.
             St. Clair County, Illinois Cause No. 18L60

Dear Mr. Bozarth:

     Enclosed please find two copies of Notice and Acknowledgment of Receipt of Summons and Complaint together with a file-stamped copy of the Complaint.

     I would request that you please sign one copy of the Notice and Acknowledgment of Receipt of Summons and Complaint and return it to me. An addressed, postage paid envelope is enclosed for your convenience.

     Thank you for your cooperation in this matter.

                                              Sincerely,

                                              Thomas J. Lech
                                              tlech@ghalaw.com

TJL:caa

Enclosures

FEB 07 2018

**EXHIBIT D**

IN THE CIRCUIT COURT
TWENTIETH JUDICIAL CIRCUIT
ST. CLAIR COUNTY, ILLINOIS

| | |
|---|---|
| ANDREW D. D'ANGELO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No.    **18L60** |
| v. ) | |
| ) | |
| CARLOS E. MARTINEZ and ) | |
| IRC L.P., ) | |
| ) | |
| Defendants. ) | |

### NOTICE AND ACKNOWLEDGMENT OF RECEIPT OF SUMMONS AND COMPLAINT

### NOTICE

To: IRC L.P., c/o Troy Bozarth, HeplerBroom LLC, 130 N. Main St., Edwardsville, IL 62025

The enclosed summons and complaint are served pursuant to section 2-213 of the Code of Civil Procedure.

You must complete the acknowledgment part of this form and return one copy of the completed form to the sender within 30 days.

You must sign and date the acknowledgment. If you are served on behalf of a corporation, unincorporated association (including a partnership), or other entity, you must indicate under your signature your relationship to that entity. If you are served on behalf of another person and you are authorized to receive process, you must indicate under your signature your authority.

If you do not complete and return the form to the sender within 30 days, you (or the party on whose behalf you are being served) may be served a summons and complaint in any other manner permitted by law.

If you do complete and return this form, you (or the party on whose behalf you are being served) must answer the complaint within 60 days. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

I declare, under penalty of perjury, that this notice and acknowledgment of receipt of summons and complaint will have been mailed on: _____.

Signature: _____
Date of Signature: _____

## ACKNOWLEDGMENT OF RECEIPT OF
## SUMMONS AND COMPLAINT

I declare, under penalty of perjury, that I received a copy of the summons and of the complaint in the above-captioned matter at: _____
_____.

PRINT or TYPE Name: _____

Relationship to Entity/Authority to Receive Service of Process:
_____
(Not Applicable if you are the named Defendant or Respondent)

Signature: _____

Date of Signature: _____

IN THE CIRCUIT COURT
TWENTIETH JUDICIAL CIRCUIT
ST. CLAIR COUNTY, ILLINOIS

| | | |
|---|---|---|
| ANDREW D. D'ANGELO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No.   **18L60** |
| v. | ) | |
| | ) | |
| CARLOS E. MARTINEZ and | ) | |
| IRC L.P., | ) | |
| | ) | |
| Defendants. | ) | |

### NOTICE AND ACKNOWLEDGMENT OF RECEIPT OF SUMMONS AND COMPLAINT

### NOTICE

To: IRC L.P., c/o Troy Bozarth, HeplerBroom LLC, 130 N. Main St., Edwardsville, IL 62025

The enclosed summons and complaint are served pursuant to section 2-213 of the Code of Civil Procedure.

You must complete the acknowledgment part of this form and return one copy of the completed form to the sender within 30 days.

You must sign and date the acknowledgment. If you are served on behalf of a corporation, unincorporated association (including a partnership), or other entity, you must indicate under your signature your relationship to that entity. If you are served on behalf of another person and you are authorized to receive process, you must indicate under your signature your authority.

If you do not complete and return the form to the sender within 30 days, you (or the party on whose behalf you are being served) may be served a summons and complaint in any other manner permitted by law.

If you do complete and return this form, you (or the party on whose behalf you are being served) must answer the complaint within 60 days. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

I declare, under penalty of perjury, that this notice and acknowledgment of receipt of summons and complaint will have been mailed on: _____.

Signature: _____
Date of Signature: _____

## ACKNOWLEDGMENT OF RECEIPT OF
## SUMMONS AND COMPLAINT

I declare, under penalty of perjury, that I received a copy of the summons and of the complaint in the above-captioned matter at: _____
_____.

PRINT or TYPE Name: _____

Relationship to Entity/Authority to Receive Service of Process:
_____
(Not Applicable if you are the named Defendant or Respondent)

Signature: _____

Date of Signature: _____

Electronically Filed
Kahalah A. Clay
Circuit Clerk
CARMEN GLENN
18L60
St. Clair County
JAN. 26, 2018
472216

IN THE CIRCUIT COURT
TWENTIETH JUDICIAL CIRCUIT
ST. CLAIR COUNTY, ILLINOIS

ANDREW D. D'ANGELO, )
) **JURY TRIAL DEMANDED**
Plaintiff, )
) Case No. 18L60
v. )
)
CARLOS E. MARTINEZ and )
IRC L.P., )
)
Defendants. )

## COMPLAINT

COMES NOW Plaintiff Andrew D. D'Angelo ("Plaintiff"), by and through undersigned counsel, and for his Complaint against Defendants Carlos E. Martinez ("Defendant Martinez") and IRC L.P. ("Defendant IRC") (collectively, "Defendants"), states to this Honorable Court as follows:

### NATURE OF THE ACTION

This case arises out of an attack at an Illinois strip club by Defendant Martinez, a 6'0" and 190-pound professional baseball player employed by the St. Louis Cardinals, and others (collectively, "Martinez' Group"), which included the late Oscar Taveras, a then 6'2" and 200-pound former professional baseball player also employed by the St. Louis Cardinals, on the 5'7" and 155-pound Plaintiff resulting in significant medical injuries to Plaintiff.

1

## PARTIES

1. Plaintiff is, and at all times relevant herein was, a natural person residing and domiciled in the State of Missouri and a citizen of the United States of America.

2. Upon information and belief, Defendant Martinez is, and at all times relevant herein was, a natural person residing and domiciled in the State of Florida and a citizen of the Dominican Republic.

3. Upon information and belief, Defendant IRC is, and at all times relevant herein was, a limited partnership organized under the laws of, in good standing with, and operating a strip club in the State of Illinois. Upon further information and belief, Defendant IRC is, and at all times relevant herein was, owned by, operated by, a subsidiary of, and/or otherwise controlled by one or more corporations and/or natural person(s) residing and domiciled in the State of Colorado and citizen(s) of the United States of America.

## JURISDICTION AND VENUE

4. The allegations contained in all aforementioned Paragraphs are hereby realleged and incorporated as if fully set forth herein.

5. The transaction, or some part thereof, giving rise to Plaintiff's causes of action occurred in St. Clair County, State of Illinois. As such, jurisdiction and venue are proper in the Circuit Court of St. Clair County, State of Illinois, pursuant to 735 ILCS 5/2-101.

## FACTS COMMON TO ALL COUNTS

6. The allegations contained in all aforementioned Paragraphs are hereby realleged and incorporated as if fully set forth herein.

7. In the late hours of July 4, 2014, members of Martinez' group engaged in a verbal dispute with Plaintiff at a drinking establishment in the City of Saint Louis, State of Missouri.

8. In an attempt to avoid further conflict related thereto, Plaintiff left said establishment.

9. Ultimately, Plaintiff traveled to a strip club located in the County of St. Clair, State of Illinois, which, under information and belief is, and all times relevant herein was, owned, operated, and/or otherwise controlled by Defendant IRC.

10. Plaintiff's travel upon the premises of said strip club was not unlawful.

11. Unbeknownst to Plaintiff, Martinez' Group had also left said prior drinking establishment and traveled to said strip club.

12. Upon arrival, Plaintiff entered, walked through, and exited said strip club through a different door and walked to a food stand located in the parking lot on the premises of said strip club. Throughout said time, Plaintiff was unaware that Martinez' group was at said strip club.

13. Upon observing Plaintiff at said strip club, one or more members of Martinez' group followed Plaintiff out of said strip club and "jumped" Plaintiff, with the intention thereof, striking Plaintiff in the face with sufficient force to knock to the ground and disorient Plaintiff. Immediately prior to said attack, one or more members of Martinez'

3

group verbally announced his/their acknowledgement of Plaintiff's involvement in the aforementioned verbal dispute with Martinez' group at said drinking establishment hours earlier.

14. During all events described herein, Defendant IRC voluntarily undertook in the provision of security measures at said strip club.

15. Upon information and belief, Martinez' group, including Defendant Martinez, engaged in concert in said overtly-tortious and/or -unlawful action against Plaintiff.

16. Upon further information and belief, multiple prior acts of violence had occurred at and/or near said food stand, of which Defendant IRC was aware, including to such extent that the removal of said food stand had been considered by Defendant IRC.

17. Upon further information and belief, no employee(s) of Defendant IRC was/were in the immediate vicinity of said food stand, despite said believed knowledge of multiple prior acts of violence threat.

18. Martinez' group continued to attack Plaintiff, which specifically included Defendant Martinez punching Plaintiff in the head and/or face. (Upon questioning by local law enforcement in conjunction with a criminal investigation related thereto, Defendant Martinez, upon information and belief, stated untruthfully that he never struck any other person during said attack.)

19. Upon information and belief, Defendant IRC voluntarily undertook to provide security measures to prevent such attacks.

4

20. Upon further information and belief, one or more employees of Defendant IRC on duty at said time was/were improperly trained to respond to such attacks and, as a result thereof, failed to provide security to Plaintiff.

21. During said attack, any security provided by Defendant IRC and/or response to the same was inadequate to protect Plaintiff from the same, despite knowledge by Defendant IRC of the risk of such attacks based upon prior events, including but not limited to prior assaults on its premise(s), the nature of its business, and/or the inadequate training of its employees to combat the same.

22. Upon information and belief, local law enforcement was not contacted by Defendant IRC related to said attack until well after the same had ended, despite knowledge that its security was inadequate to protect Plaintiff from said attack during the course of the same.

23. As a result of said attack, Plaintiff suffered significant medical injuries and other damages.

## CAUSES OF ACTION AGAINST DEFENDANT MARTINEZ

### COUNT I: ASSAULT

24. The allegations contained within all aforementioned Paragraphs are hereby realleged and incorporated as if fully set forth herein.

25. Defendant Martinez intentionally and unlawfully offered corporal injury upon Plaintiff by force, or force unlawfully directed, under such circumstances as to create Plaintiff's well-founded fear of imminent peril and created the present ability to effectuate said attempt if not prevented.

26. Defendant Martinez willfully touched Plaintiff and/or successfully attempted to commit violence upon Plaintiff.

27. As a direct and proximate result thereof, Plaintiff has suffered and will continue to suffer actual, consequential, incidental, and/or expectancy damages, including but not limited to bodily injury, pain and suffering, disability, garden variety emotional distress, loss of liberty, damage to reputation, medical expenses, lost wages, and/or other injuries and damages.

28. Defendant Martinez' conduct was willful, wanton, and malicious, and showed complete indifference to and/or conscious disregard for the rights of Plaintiff and/or others, thus justifying an award of punitive damages in an amount sufficient to punish Defendant Martinez and/or to deter him and others similarly situated from such conduct in the future.

WHEREFORE, Plaintiff prays this Honorable Court award Plaintiff damages – compensatory, nominal, and/or punitive – in such an amount in excess of $50,000.00 as is deemed fair and reasonable; costs; interest as allowed by law; and any such other and further relief deemed just and proper.

## COUNT II: BATTERY

29. The allegations contained within all aforementioned Paragraphs are hereby realleged and incorporated as if fully set forth herein.

30. Defendant Martinez acted intending to cause a harmful and/or offensive contact with, and/or imminent apprehension thereof by, Plaintiff, and a harmful contact with Plaintiff by Defendant Martinez directly and/or indirectly resulted.

31. As a direct and proximate result thereof, Plaintiff has suffered and will continue to suffer actual, consequential, incidental, and/or expectancy damages, including but not limited to bodily injury, pain and suffering, disability, garden variety emotional distress, loss of liberty, damage to reputation, medical expenses, lost wages, and/or other injuries and damages.

32. Defendant Martinez' conduct was willful, wanton, and malicious, and showed complete indifference to and/or conscious disregard for the rights of Plaintiff and/or others, thus justifying an award of punitive damages in an amount sufficient to punish Defendant Martinez and/or to deter him and others similarly situated from such conduct in the future.

WHEREFORE, Plaintiff prays this Honorable Court award Plaintiff damages – compensatory, nominal, and/or punitive – in such an amount in excess of $50,000.00 as is deemed fair and reasonable; costs; interest as allowed by law; and any such other and further relief deemed just and proper.

**COUNT III: CIVIL CONSPIRACY**

33. The allegations contained within all aforementioned Paragraphs are hereby realleged and incorporated as if fully set forth herein.

34. Defendant Martinez combined with one or more other members of Martinez' group, for the purpose of accomplishing, by concerted action, an unlawful purpose or a lawful purpose by unlawful means, in the furtherance of which one or more members of Martinez' group committed on overt tortious or unlawful act.

35. As a direct and proximate result thereof, Plaintiff has suffered and will continue to suffer actual, consequential, incidental, and/or expectancy damages, including but not limited to bodily injury, pain and suffering, disability, garden variety emotional distress, loss of liberty, damage to reputation, medical expenses, lost wages, and/or other injuries and damages.

36. Defendant Martinez' conduct was willful, wanton, and malicious, and showed complete indifference to and/or conscious disregard for the rights of Plaintiff and/or others, thus justifying an award of punitive damages in an amount sufficient to punish Defendant Martinez and/or to deter him and others similarly situated from such conduct in the future.

WHEREFORE, Plaintiff prays this Honorable Court award Plaintiff damages – compensatory, nominal, and/or punitive – in such an amount in excess of $50,000.00 as is deemed fair and reasonable; reasonable attorneys' fees; costs; interest as allowed by law; and any such other and further relief deemed just and proper.

## **CAUSES OF ACTION AGAINST DEFENDANT IRC**

### **COUNT VI: NEGLIGENCE**

37. The allegations contained within all aforementioned Paragraphs are hereby realleged and incorporated as if fully set forth herein.

38. Plaintiff entered the premises of said strip club by express and/or implied invitation.

39. Plaintiff's entry upon said premises was connected with the business of and/or activity conducted by Defendant IRC, of which Defendant IRC received benefit.

40. Defendant IRC provided and maintained a security detail upon said premises for the purpose of protecting persons, such as and including Plaintiff, from violent attacks upon said premises.

41. Defendant IRC owed Plaintiff a duty reasonable care in providing for Plaintiff's safety and security while upon said premises.

42. Defendant IRC breached said duty in its failure to provide adequate security.

43. As a direct and proximate result thereof, Plaintiff has suffered and will continue to suffer actual, consequential, incidental, and/or expectancy damages, including but not limited to bodily injury, pain and suffering, disability, garden variety emotional distress, loss of liberty, damage to reputation, medical expenses, lost wages, and/or other injuries and damages.

WHEREFORE, Plaintiff prays this Honorable Court award Plaintiff damages – compensatory and/or nominal, in such an amount in excess of $50,000.00 as is deemed fair and reasonable; costs; interest as allowed by law; and any such other and further relief deemed just and proper.

## COUNT V: PREMISES LIABILITY

44. The allegations contained within all aforementioned Paragraphs are hereby realleged and incorporated as if fully set forth herein.

45. Plaintiff entered the premises of said strip club by express and/or implied invitation.

46. Plaintiff's entry upon said premises was connected with the business of and/or activity conducted by Defendant IRC, of which Defendant IRC received benefit.

47. Defendant IRC owed Plaintiff a duty reasonable care.

48. Defendant IRC breached said duty in its failure to provide adequate security.

49. As a direct and proximate result thereof, Plaintiff has suffered and will continue to suffer actual, consequential, incidental, and/or expectancy damages, including but not limited to bodily injury, pain and suffering, disability, garden variety emotional distress, loss of liberty, damage to reputation, medical expenses, lost wages, and/or other injuries and damages.

WHEREFORE, Plaintiff prays this Honorable Court award Plaintiff damages – compensatory and/or nominal in such an amount in excess of $50,000.00 as is deemed fair and reasonable; costs; interest as allowed by law; and any such other and further relief deemed just and proper.

Respectfully submitted,

By: /s/ *Thomas J. Lech*
Thomas J. Lech, 6256261
Goldenberg Heller & Antognoli, P.C.
2227 South State Route 157
Edwardsville, IL 62025
Telephone: (618) 656-5150
Facsimile: (618) 656-6230
E-mail: tlech@ghalaw.com


John M. Eccher, Missouri Bar No. 62869
ECCHER LAW GROUP
(Admission to Appear Pro Hac Vice in Process)
1034 S. Brentwood Blvd.
Ste. Penthouse 1-C, 23rd Floor
Saint Louis, MO 63117
Telephone: (314) 293-3034
Facsimile: (314) 293-3280
E-mail: jeccher@eccherlawgroup.com

Electronically Filed
Kahalah A. Clay
Circuit Clerk
CARMEN GLENN
**18L60**
ST. CLAIR COUNTY
1/26/2018
472216

## IN THE CIRCUIT COURT
## TWENTIETH JUDICIAL CIRCUIT
## ST. CLAIR COUNTY, ILLINOIS

| | |
|---|---|
| ANDREW D. D'ANGELO, | ) |
| | ) **JURY TRIAL DEMANDED** |
| Plaintiff, | ) |
| | ) Case No. 18L60 |
| v. | ) |
| | ) |
| CARLOS E. MARTINEZ and | ) |
| IRC L.P., | ) |
| | ) |
| Defendants. | ) |

### AFFIDAVIT OF PLAINTIFF'S COUNSEL
### PURSUANT TO SUPREME COURT RULE 222(b)

Thomas J. Lech, on oath, deposes and states as follows:

1. I am the attorney for Plaintiff in the above-entitled cause.

2. The money damages sought by Plaintiff in this action exceed $50,000.00.

_____
THOMAS J. LECH

Subscribed and sworn to before me this 26th day of January, 2018.

CHERYL ALTHARDT
OFFICIAL SEAL
Notary Public, State of Illinois
My Commission Expires
April 02, 2018

_____
NOTARY PUBLIC

Thomas J. Lech   #6256261
GOLDENBERG HELLER & ANTOGNOLI, P.C.
2227 South State Route 157
P.O. Box 959
Edwardsville, IL 62025
Email: tlech@ghalaw.com
P: 618-656-5150
F: 618-656-6230
*Attorney for Plaintiff*