**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| ANDREW D. D'ANGELO | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 3:18-cv-534-DRH-SCW |
| | ) | |
| v. | ) | Removed from St. Clair County, IL |
| | ) | (Case No. 18-L-60) |
| CARLOS E. MARTINEZ AND IRC L.P | ) | |
| | ) | |
| Defendants. | ) | |

**ANSWER TO FIRST AMENDED COMPLAINT**

Defendant Carlos Ernesto Martinez ("Martinez" or "Defendant"), by and through counsel, hereby answers and asserts the following affirmative defenses to the First Amended Complaint of Plaintiff Andrew F. D'Angelo ("D'Angelo" or "Plaintiff") as follows:

**PARTIES**

1.    Martinez lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 1, and Martinez therefore denies them.

2.    Martinez admits that he is a citizen of the Dominican Republic and that he resides and is domiciled in the State of Florida.  Martinez lacks sufficient information or knowledge to form a belief as to the truth of the remaining allegations in Paragraph 2, and Martinez therefore denies them.

3.    Martinez lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 3, and Martinez therefore denies them.

**JURISDICTION AND VENUE**

4.    Martinez incorporates by reference his responses to each of the foregoing paragraphs as though set forth fully herein.

5.    Martinez denies that any events occurred which would give rise to a cause of action against Martinez.  Martinez admits that the case was properly removed by Defendants.  Martinez lacks sufficient information or knowledge to form a belief as to the truth of the remaining allegations in Paragraph 5, and Martinez therefore denies them.

## FACTS COMMON TO ALL COUNTS

6.    Martinez incorporates by reference his responses to each of the foregoing paragraphs as though set forth fully herein.

7.    Martinez admits that on the night of July 4, 2014, he was at a drinking establishment in the City of St. Louis, Missouri.  Martinez admits that there were other individuals with him, including Oscar Taveras.  Martinez lacks sufficient information or knowledge to form a belief as to the truth of the remaining allegations in Paragraph 7, and Martinez therefore denies them.

8.    Martinez admits that he interacted with Plaintiff at the drinking establishment. Martinez lacks sufficient information or knowledge to form a belief as to the truth of the remaining allegations in Paragraph 8, and Martinez therefore denies them.

9.    Martinez lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 9, and Martinez therefore denies them.

10.    Martinez lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 10, and Martinez therefore denies them.

11.    Martinez lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 11, and Martinez therefore denies them.

12.    Martinez admits that he and others traveled to a strip club located in St. Clair County, States of Illinois.  Martinez lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 12, and Martinez therefore denies them.

6382104.1

13.　Martinez lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 13, and Martinez therefore denies them.

14.　Martinez denies the allegations in Paragraph 14.

15.　Martinez denies the allegations in Paragraph 15.

16.　Martinez lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 16, and Martinez therefore denies them.

17.　Martinez denies the allegations in Paragraph 17.

18.　Martinez lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 18, and Martinez therefore denies them.

19.　Martinez lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 19, and Martinez therefore denies them.

20.　Martinez denies the allegations in Paragraph 20.

21.　Martinez denies that he punched or struck Plaintiff.　Martinez lacks sufficient information or knowledge to form a belief as to the truth of the remaining allegations in Paragraph 21, and Martinez therefore denies them.

22.　Martinez lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 22, and Martinez therefore denies them.

23.　Martinez lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 23, and Martinez therefore denies them.

24.　Martinez lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 24, and Martinez therefore denies them.

25.　Martinez lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 25, and Martinez therefore denies them.

6382104.1

26.     Martinez denies that he attacked, punched, or struck Plaintiff.  Martinez lacks sufficient information or knowledge to form a belief as to the truth of the remaining allegations in Paragraph 26, and Martinez therefore denies them.

## CAUSES OF ACTION AGAINST DEFENDANT MARTINEZ

### COUNT I: ASSAULT

27.     Martinez incorporates by reference his responses to each of the foregoing paragraphs as though set forth fully herein.

28.     Martinez denies the allegations in Paragraph 28.

29.     Martinez denies the allegations in Paragraph 29.

30.     Martinez denies the allegations in Paragraph 30.

31.     Martinez denies the allegations in Paragraph 31.

WHEREFORE, having fully answered, Martinez denies that Plaintiff is entitled to the relief requested in the unnumbered WHEREFORE clause following Paragraph 31.

### COUNT II:  BATTERY

32.     Martinez incorporates by reference his responses to each of the foregoing paragraphs as though set forth fully herein.

33.     Martinez denies the allegations in Paragraph 33.

34.     Martinez denies the allegations in Paragraph 34.

35.     Martinez denies the allegations in Paragraph 35.

WHEREFORE, having fully answered, Martinez denies that Plaintiff is entitled to the relief requested in the unnumbered WHEREFORE clause following Paragraph 35.

### COUNT III:  CIVIL CONSPIRACY

6382104.1

36.     Martinez incorporates by reference his responses to each of the foregoing paragraphs as though set forth fully herein.

37.     Martinez denies the allegations in Paragraph 37.

38.     Martinez denies the allegations in Paragraph 38.

39.     Martinez denies the allegations in Paragraph 39.

WHEREFORE, having fully answered, Martinez denies that Plaintiff is entitled to the relief requested in the unnumbered WHEREFORE clause following Paragraph 39.

## CAUSES OF ACTION AGAINST DEFENDANT IRC

## COUNT VI: NEGLIGENCE

40.     The allegations contained in this Count are not directed to Martinez, and therefore no response is required.  To the extent that any allegations could be inferred against Martinez, Martinez incorporates by reference his responses to each of the foregoing paragraphs as though set forth fully herein.

41.     The allegations contained in this Count are not directed to Martinez, and therefore no response is required.  To the extent that any allegations could be inferred against Martinez, he lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 41, and Martinez therefore denies them.

42.     The allegations contained in this Count are not directed to Martinez, and therefore no response is required.  To the extent that any allegations could be inferred against Martinez, he lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 42, and therefore denies them.

43.     The allegations contained in this Count are not directed to Martinez, and therefore no response is required.  To the extent that any allegations could be inferred against Martinez, he

6382104.1

lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 43, and therefore denies them.

44.    The allegations contained in this Count are not directed to Martinez, and therefore no response is required.  To the extent that any allegations could be inferred against Martinez, he lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 44, and therefore denies them.

45.    The allegations contained in this Count are not directed to Martinez, and therefore no response is required.  To the extent that any allegations could be inferred against Martinez, he lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 45, and therefore denies them.

46.    The allegations contained in this Count are not directed to Martinez, and therefore no response is required.  To the extent that any allegations could be inferred against Martinez, he lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 46, and therefore denies them.

WHEREFORE, having fully answered, Martinez states the allegations contained in this Count are not directed to him, and therefore no response is required.  To the extent that any allegations could be inferred against Martinez, he denies that Plaintiff is entitled to the relief requested in the unnumbered WHEREFORE clause following Paragraph 46.

### COUNT V: PREMISES LIABILITY

47.    Martinez incorporates by reference his responses to each of the foregoing paragraphs as though set forth fully herein.  To the extent that any allegations could be inferred against Martinez, Martinez incorporates by reference his responses to each of the foregoing paragraphs as though set forth fully herein.

6382104.1

48.    The allegations contained in this Count are not directed to Martinez, and therefore no response is required.  To the extent that any allegations could be inferred against Martinez, he lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 48, and therefore denies them.

49.    The allegations contained in this Count are not directed to Martinez, and therefore no response is required.  To the extent that any allegations could be inferred against Martinez, he lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 49, and therefore denies them.

50.    The allegations contained in this Count are not directed to Martinez, and therefore no response is required.  To the extent that any allegations could be inferred against Martinez, he lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 50, and therefore denies them.

51.    The allegations contained in this Count are not directed to Martinez, and therefore no response is required.  To the extent that any allegations could be inferred against Martinez, he lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 51, and therefore denies them.

52.    The allegations contained in this Count are not directed to Martinez, and therefore no response is required.  To the extent that any allegations could be inferred against Martinez, he lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 52, and therefore denies them.

WHEREFORE, having fully answered, Martinez states the allegations contained in this Count are not directed to him, and therefore no response is required.  To the extent that any

6382104.1

allegations could be inferred against Martinez, he denies that Plaintiff is entitled to the relief requested in the unnumbered WHEREFORE clause following Paragraph 52.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff will not be able to establish by a preponderance of the evidence each of the elements required to prove the claims of assault and battery because Martinez did not strike Plaintiff, did not willfully or intentionally make physical contact with Plaintiff, Martinez did not cause any physical contact with Plaintiff, Martinez did not act to cause harm or offensive contact with Plaintiff, Martinez did not act to put Plaintiff in reasonable apprehension of an imminent battery, and Martinez did not have the ability to effectuate any attempt to do so.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff will not be able to establish by a preponderance of the evidence each of the elements required to prove his claim of civil conspiracy because, as set forth in the First Affirmative Defense, Martinez did not commit  an assault or battery or any other unlawful or tortious act against Plaintiff, and furthermore, Martinez did not enter into an agreement with anyone else to commit assault or battery or any other unlawful or tortious act against Plaintiff, or commit any act in furtherance thereof of any conspiracy.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim for which relief can be granted on the basis that Plaintiff has not pleaded, and will not be able to show, that Martinez committed an assault or battery on Plaintiff, or that Martinez engaged in a civil conspiracy to do so.

### FOURTH AFFIRMATIVE DEFENSE

6382104.1

Plaintiff's claims are barred, in whole or in part, because any alleged actions attributed to Martinez were not the proximate or legal cause of any injuries or damages allegedly suffered by Plaintiff, the latter being the result of the actions of others, including but not limited to Plaintiff, his associates, IRC L.P., and others identified by Plaintiff in the First Amended Complaint.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of *in pari delicto* because of Plaintiff's wrongful, immoral, and illegal conduct on the night of July 4, 2014, including but not limited to Plaintiff's alcohol consumption, Plaintiff's verbal and physical interactions with those identified in the First Amended Complaint at the initial drinking establishment, Plaintiff's travel to the strip club, and his verbal and physical interactions with those identified in the First Amended Complaint at that location.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands because of Plaintiff's wrongful, immoral, and illegal conduct on the night of July 4, 2014, including but not limited to Plaintiff's alcohol consumption, Plaintiff's verbal and physical interactions with those identified in the First Amended Complaint at the initial drinking establishment, Plaintiff's subsequent travel to the strip club, and his verbal and physical interactions with those identified in the First Amended Complaint at that location.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the comparative or contributory fault of co-defendant IRC L.P., including but not limited to IRC's breach of its duty to provide reasonable care in providing for the security and safety of Martinez, Plaintiff, Plaintiff's associates, and other parties identified in the First Amended Complaint, as well as the

comparative or contributory fault of the other parties, including Plaintiff's associates and other parties identified in the First Amended Complaint, who allegedly engaged in a dispute on the night of July 4, 2014.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff's alleged damages should be reduced by a set-off or credit of any settlement awards of money received by Plaintiff from any other person or party arising from the alleged occurrence set forth in the First Amended Complaint.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff's actions on the night of July 4, 2014, including but not limited to his alcohol consumption, his aggression and provocation towards others, his travel from the drinking establishment to the strip club, and his verbal and physical interactions with those identified in the First Amended Complaint, shows that he failed to exercise due care and caution for his own safety and therefore his claims are barred by the doctrine of comparative or contributory fault.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because of Plaintiff's failure to join necessary parties to this litigation, including but not limited to others identified in the First Amended Complaint, including the individuals identified in Paragraph 7 of the Amended Complaint, and Plaintiff's associates from the night of July 4, 2014.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations and/or doctrine of laches because of Plaintiff's failure to file this suit in a timely matter.

6382104.1

TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff consented to all physical contact and encounters with Martinez and others identified in the First Amended Complaint.

THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because as a result of the actions of Plaintiff and his associates, Martinez acted in self-defense and/or in defense of others identified in the First Amended Complaint.

FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff has failed to state a claim for punitive damages with respect to Count III, Plaintiff has not pleaded, and will not be able to show, that Martinez's actions justify an award of punitive damages.

WHEREFORE, Plaintiff is not entitled to any relief whatsoever from Martinez, and Martinez respectfully requests that the Court dismiss this action with prejudice, and that this Court award Martinez costs and attorney's fees under any applicable provision of law and such other and further relief as this Court may deem just and proper.

**JURY DEMAND**

Martinez respectfully demands a trial by jury on all causes so triable.

6382104.1

Dated: May 1, 2018                              Respectfully submitted,

                                                 /s/ Gabriel E. Gore
                                                Gabriel E. Gore (Missouri No. 45416)
                                                Arsenio L. Mims (No. 6317837)
                                                DOWD BENNETT LLP
                                                7733 Forsyth Blvd., Suite 1900
                                                St. Louis, MO 63105
                                                Tel: (314) 889-7300
                                                Fax: (314) 863-2111
                                                ggore@dowdbennett.com
                                                amims@dowdbennett.com

                                                Jon R. Fetterolf (D.C. Bar No. 479225)
                                                *Pro Hac Vice*
                                                ZUCKERMAN SPAEDER LLP
                                                1800 M Street N.W. Suite 1000
                                                Washington, D.C. 20036
                                                Tel: (202) 778-1800
                                                Fax: (202) 822-8106
                                                E-mail: jfetterolf@zuckerman.com

                                                *Attorneys for Carlos E. Martinez*

6382104.1

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 1, 2018, the foregoing was electronically filed with the Court using the CM/ECF filing system and that service on all counsel of record will be accomplished by the CM/ECF system.

/s/ Gabriel E. Gore

6382104.1